**IT IS ORDERED as set forth below:**



**Date: June 18, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS**: |
| | : | |
| JAMES EDWARD ROBINSON, | : | BANKRUPTCY CASE: |
| CAROLYN FLEMMING ROBINSON, | : | 14-60091-LRC |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | ADVERSARY PROCEEDING: |
| WILLIAM J. LAYNG, JR., | : | 18-05237-LRC |
| Chapter 7 Trustee, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES EDWARD ROBINSON, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

**ORDER**

Before the Court is the Motion for Default Judgment (the "Motion"), filed by William J. Layng, Jr. ("Plaintiff"), Chapter 7 trustee for the bankruptcy estate of James Edward Robins ("Defendant"). The Motion arises in connection with a complaint to revoke discharge (the "Complaint"). Accordingly, this matter constitutes a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(J); 1334.

PROCEDURAL HISTORY AND FINDINGS OF FACTS

On May 23, 2014, Defendant filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. *See* Case No. 14-60091-LRC) (the "Bankruptcy Case"). Plaintiff was appointed as the Chapter 7 trustee. On July 10, 2015, the Court entered an order granting Defendant a discharge. *See id.* (Doc. No. 55). The Bankruptcy Case has not been closed.

On March 18, 2015, Defendant exercised a stock option (the "Stock Option") and sold 395.481263 shares of Primerica stock (the "Primerica Stock"), which netted $20,282.59, of which Defendant claimed $5,560 exempt. After Defendant refused to comply with Plaintiff's demand to turn over the sale proceeds, Plaintiff filed a motion for

2

turnover in the Bankruptcy Case, which the Court granted on December 18, 2015, ordering Defendant to turnover to Plaintiff $14,722.59. *See id.* (Doc. No. 62) (the "Turnover Order"). Plaintiff also obtained an order directing Defendant to pay the $14,722.59 within twenty-one days. *See id.* (Doc. No. 77) (the "Second Turnover Order"). To date, Defendant has failed to comply with Turnover Order and the Second Turnover Order. Defendant knew that the Stock Option, the Primerica Stock, and the resulting sale proceeds were property of his bankruptcy estate, and despite this knowledge, knowingly failed to deliver or surrender the resulting sale proceeds to Plaintiff. Plaintiff had the ability to comply with the Second Turnover Order, but refused to do so.

On September 25, 2018, Plaintiff filed the Complaint seeking to revoke Defendant's discharge, pursuant to §§ 727(d)(2) and (d)(3) of the Bankruptcy Code. Plaintiff served Defendant and his counsel with a copy of the summons and Complaint. Defendant failed to file an answer or otherwise respond to the Complaint. On April 1, 2019, Plaintiff filed the Motion, to which Defendant has also failed to respond.

## CONCLUSIONS OF LAW

Defendant has "failed to plead or otherwise defend" against the Complaint and,

3

therefore, the Court will consider Plaintiff's request for default judgment in accordance with Rule 7055 of the Federal Rules of Bankruptcy Procedure. In order to grant default judgment, the Court must first determine that Plaintiff's allegations of fact serve as a sufficient basis for entry of a judgment. *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Pursuant to § 727(d)(2), [o]n request of the . . . trustee, and after notice and a hearing, the court shall revoke a discharge . . . if . . .the debtor acquired property that is property of the estate . . . and knowingly failed . . . to deliver or surrender such property to the trustee." Further, § 727(d)(3) states that the Court "shall revoke a discharge . . . if the debtor committed an act specified in subsection [727](a)(6)," and § 727(a)(6) states that the Court "shall grant the debtor a discharge, unless the debtor has refused, in the [Bankruptcy Case] . . . to obey any lawful order of the court . . . ." 11 U.S.C. § 727(d)(2), (a)(6).

Having considered the Complaint, the Court concludes that Plaintiff's factual allegations, which are deemed admitted by Defendant's failure to respond, have established that Defendant acquired property (the sale proceeds) that is property of the estate and knowingly failed to deliver or surrender such property to Plaintiff and that

4

Defendant has refused in the Bankruptcy Case to obey two lawful orders of the Court (the Turnover Order and the Second Turnover Order).

Plaintiff's Motion for Default Judgment is **GRANTED**. According to the facts established by Plaintiff in this case, Defendant's discharge must be, and hereby is, **REVOKED**. Judgment in favor of Plaintiff shall be entered concurrently herewith.

The Clerk is DIRECTED to send appropriate notice to creditors, pursuant to Federal Rules of Bankruptcy Procedure 4006 and 2002(f)(6).

## END OF DOCUMENT

**Distribution List**

**William J. Layng, Jr.,** *Plaintiff*
William J. Layng, Jr., PC
Suite 3477
2451 Cumberland Parkway
Atlanta, GA 30339-6157


**Michael J. Bargar**
Arnall Golden Gregory, LLP
Suite 2100
171 17th Street, N.W.
Atlanta, GA 30363

**James Edward Robinson,** *Defendant*
2315 S. Highland Ave.
Los Angeles, CA 90016

**Brian S. Limbocker**
Limbocker Law Firm, LLC
Bldg. 100 - Suite 140
2230 Towne Lake Parkway
Woodstock, GA 30189